**YI TENG ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3969–ag.

United States Court of Appeals, Second Circuit.

May 7, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Jeffrey J. Bernstein, Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Teng Zheng, a native and citizen of China, seeks review of an August 7, 2006 order of the BIA affirming the February 24, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Yi Teng Zheng*, No. A77 648 899 (B.I.A. Aug. 7, 2006), *aff'g* No. A77 648 899 (Immig. Ct. N.Y. City Feb. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ denied Zheng's asylum claim after finding both that he was not credible and that he failed to meet his burden of proof. The BIA did not expressly adopt and affirm the IJ's decision and it addressed only the IJ's adverse credibility finding. Accordingly, we do not reach the IJ's burden of proof finding and consider only whether the IJ's adverse credibility determination is supported by substantial evidence. *Cf. Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Regarding the credibility finding, the BIA agreed with the IJ's conclusion that Zheng was not credible and, without rejecting any of the IJ's grounds for decision, emphasized particular aspects of that decision. Thus, we review the IJ's adverse credibility finding including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Although we do not agree with the IJ that Zheng provided inconsistent testimony regarding whether he had difficulty

obtaining a marriage certificate in China, we need not remand on that basis because we can confidently predict that the agency would adhere to its adverse credibility finding on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). We conclude that, given the numerous other material inconsistencies in the record, the IJ's adverse credibility finding is supported by substantial evidence.

The IJ reasonably concluded that Zheng was inconsistent regarding whether he practiced Falun Gong in China and whether he was beaten during an attempted arrest, which are both issues that are central to Zheng's claim for relief. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Zheng stated that he practiced Falun Gong in China at the airport interview and his merits hearing; however, at the credible fear interview, he clearly stated that he did not practice Falun Gong. At his airport interview, Zheng also stated that he was beaten by police officers during an attempted arrest, but he denied this claim at his hearing.

Zheng argues that the IJ erred in relying on these inconsistencies because the records of the interviews were insufficiently accurate to support the IJ's reliance on them. Having closely examined the records of these interviews to ensure that they represent a "sufficiently accurate record" of Zheng's statements, we disagree. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Each of the records contain a verbatim transcript, and there is no indication from the transcripts that Zheng did not understand the questions being asked. Zheng clearly volunteered information about practicing Falun Gong and being beaten during the attempted arrest. Accordingly, the IJ did not err in relying on these inconsistencies as part of his adverse credibility determination.

Zheng argues, however, that these inconsistencies should not be detrimental to his claim because those interviews were conducted in Mandarin, as opposed to his native dialect of Foo Chow. The IJ rejected this explanation because it appeared from the transcripts of the interviews that Zheng understood the questions being asked, and his asylum application indicated that he was fluent in Mandarin. Although Zheng stated during the hearing that he was more comfortable conversing in Foo Chow and denied being fluent in Mandarin, he did not deny that he understood Mandarin well enough to answer questions. In addition, the record includes a verbatim transcript of both the airport and credible fear interviews, and there is no indication that Zheng had difficulty understanding the questions being asked. Accordingly, a reasonable fact-finder would not have been compelled to accept Zheng's explanation.

In addition, the IJ was reasonable in considering Zheng's inability to recall the name of the book distributor as evidence of his lack of credibility, and his lack of corroboration as failing to rehabilitate that credibility. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 78. Accordingly, we find that the IJ's adverse credibility determination is supported by substantial evidence.

█ Zheng does not raise any arguments regarding the denial of his withholding of removal or CAT claims in his brief to this Court. As a result, we consider those claims waived. *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006); *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).